1  MANDANA MASSOUMI (SBN 191359)
   massoumi.mandana@dorsey.com
2  RACHEL C. SCHUMACHER (SBN 235025)
   schumacher.rachel@dorsey.com
3  DORSEY & WHITNEY LLP
   38 Technology Drive, Suite 100
4  Irvine, CA 92618-5310
   Telephone: (949) 932-3600
5  Facsimile: (949) 932-3601

6  Attorneys for Defendant
   TARGET CORPORATION
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 CYNTHIA KLOMP, an Individual;           CASE NO. CV11-00165 GAF(MANx)
   CYNTHIA WALKER, an Individual;
12 ALEXIS FLORES, an Individual,           [LOS ANGELES SUPERIOR COURT
                                           CASE NO. BC447639]
13             Plaintiff,
                                           NOTICE OF REMOVAL OF
14 v.                                      ACTION TO UNITED STATES
                                           DISTRICT COURT (DIVERSITY)
15 TARGET CORPORATION, A Minnesota
   Corporation; And Does 1 Through 50,     [U.S.C. § 1441(b)]
16 Inclusive, Defendants.
                                           [Filed concurrently with Declaration
17                                         of Mandana Massoumi; Notice of
                                           Interested Parties, Appendix of State
18                                         Court Pleadings]

19                                         Trial Date: NONE SET

20

21

22        TO THE ABOVE ENTITLED COURT:

23        PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION

24 (referred to hereinafter as "Target") hereby invokes this Court's jurisdiction

25 pursuant to 28 U.S.C. §§ 1332 (Diversity), and 1441(a), (b), and (c) and removes

26 this action from state court to federal court pursuant to 28 U.S.C. § 1446(b). In

27 support thereof, Target asserts:

28        1.    On October 15, 2010, Plaintiffs THERESA KLOMP (improperly

-1-
NOTICE OF REMOVAL

named as Cynthia Klomp), CYNTHIA WALKER and ALEXIS FLORES (collectively, "Plaintiffs") filed a civil complaint against Target in the Superior Court of the State of California in and for the County of Los Angeles, entitled "*Cynthia Klomp, Cynthia Walker, Alexis Flores, Plaintiff v. Target Corporation and Does 1 through 50, inclusive, Defendants*," Case No. BC447639. Plaintiffs assert the following three causes of action against Target: (1) Sexual Harassment; (2) Failure To Take All Reasonable Steps To Prevent Harassment; and (3) Intentional Infliction Of Emotional Distress. A copy of the Summons, the Civil Complaint ("Complaint"), Civil Coversheet and Notice of Case Assignment – Unlimited Civil Case are attached as Exhibit "A" to the Appendix of State Court Pleadings and Documents ("Appendix"), filed concurrently herewith and incorporated herein by reference.

2. Plaintiffs served Target with the Summons and Complaint on November 24, 2010. Declaration of Mandana Massoumi ("Massoumi Decl."), ¶3. Service of process was effectuated on Target's agent, CT Corporation, on November 24, 2010. *See* Massoumi Decl., Exhibit "A."

3. On December 16, 2010, Target answered the Complaint by filing a separate answer to each of the allegations raised by each Plaintiff. *See* Appendix, Exhibits "B," "C" and "D."

4. On December 1, 2010, Target propounded a Request for Statement of Damages on each Plaintiff, where such discovery was primarily related to damages suffered by each Plaintiff. *See* Massoumi Decl., ¶5. On December 31, 2010, each Plaintiff served Target with a Response to Request for Statement of Damages. *See* Massoumi Decl., ¶¶5, 6; Exhibits "B," "C" and "D." Each Response to Request for Statement of Damages was the first notice provided to Target that the alleged amount in controversy exceeded the jurisdictional minimum.

5. On December 27, 2010, Plaintiff served a Notice of Case Management Conference, set for February 9, 2011, and a Notice of Case

Reassignment, attaching a Minute Order entered on October 27, 2010 that transferred this action from the Honorable Rolf M. Treu to the Honorable Debre Katz Weintraub. *See* Appendix Exhibits "E," "F" and "G."

## DIVERSITY JURISDICTION

6. Each Plaintiff is, and at all relevant times was, a resident of the State of California within the meaning of 28 U.S.C. Section 1332(a). *See* Appendix Exhibit "A," Complaint, ¶¶6-8. Specifically:

    a. <u>Plaintiff Klomp</u>. In the Complaint, Plaintiff Klomp alleges she "was an individual who resided in the City of Northridge, County of Los Angeles, State of California, and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶6.

    b. <u>Plaintiff Walker</u>. In the Complaint, Plaintiff Walker alleges she "was an individual who resided in the City of Pacoima, County of Los Angeles, State of California, and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶7.

    c. <u>Plaintiff Flores</u>. In the Complaint, Plaintiff Flores alleges she "was an individual who resides in the City of Lynwood and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶8.

7. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by Target pursuant to the provisions of 28 U.S.C. Section 1441.

8. At the time of the filing of the Complaint, Target was and currently is a Minnesota Corporation, incorporated under the laws of the State of Minnesota. Target's principal place of business is Minnesota under the "nerve center test."[1]

---

[1] The "nerve center" test is generally utilized when a corporation's activities are conducted in many states. *See Lurie Co. v. Loew's San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Target widely operates in approximately

-3-
NOTICE OF REMOVAL

*Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (adopting "nerve center" test for establishing principal place of business). Relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal 1964). Additionally, "[i]n an effort to find a single, more uniform interpretation" of "principal place of business," the United States Supreme Court held in *Hertz Corp. v. Friend*, that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." In other words, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp.*, 130 S.Ct. at 1192 (Feb. 23, 2010). "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.*

9. Target meets the above articulated test. Target's "home office," where almost all its top executives work, is located in Minneapolis, Minnesota. Target also maintains its corporate records and controls business and activities from Minneapolis, Minnesota. Finally, Target files its corporate income tax returns in Minnesota.

10. Moreover, the District Court for the Central District of California has explicitly held that Target was not a California resident and removal to federal court was proper. *See* Massoumi Decl., Exhibits "E" and "F." (diversity jurisdiction existed when Target had 16.7% of its employees, 17.4% of its sales and 14.4% of its stores in California).

---

48 states and Washington D.C., therefore, the nerve center test is more appropriate. *See id.* In any event, given that Target's central functions are concentrated in Minnesota, the "place of operations" for Target is also in Minnesota. *See Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 497 (9th Cir. 2001).

11. There is diversity of citizenship between each Plaintiff and Target. Target is informed and believes that each Plaintiff is a citizen of the State of California, and which is confirmed by the allegations of such citizenship of each Plaintiff as set forth in the Complaint. Appendix, Exhibit "A," Complaint at ¶¶ 6-8.

12. Target is not aware of any Doe defendant having been served with a copy of the Summons and Complaint. Accordingly, the citizenship of any "Doe" defendants named in Plaintiffs' Complaint may be disregarded for purposes of removal. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

## AMOUNT IN CONTROVERSY

13. Plaintiffs' prayer for relief requests the following damages: compensatory damages in an amount in excess of $50,000.00 or according to proof at trial for all three Plaintiffs (Klomp, Walker and Flores); punitive damages; medical and related expenses in an amount according to proof at time of trial; attorneys' fees and costs; prejudgment interest on all amounts claimed; and such other and further relief as the Court deems just and proper. *See* Appendix, Exhibit "A," Complaint at Prayer, p.10.

14. On or about December 31, 2010, each Plaintiff served a Response to Request for Statement of Damages ("Response Statement"), where the Request for Statement of Damages had been propounded by Target on December 1, 2010. *See* Massoumi Decl.,¶¶5-6; Exhibits "B," "C" and "D."

15. In the Response Statement, each Plaintiff alleges an amount in controversy in excess of $75,000.00 as follows:

    a. <u>Plaintiff Klomp</u>. Plaintiff Klomp's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Klomp seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶8;

Exhibit "B."

  b. <u>Plaintiff Walker</u>. Plaintiff Walker's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Walker seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶9; Exhibit "C."

  c. <u>Plaintiff Flores</u>. Plaintiff Flores's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Flores seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶10; Exhibit "D."

  16. Each Plaintiff's Response Statement comprised the first "paper" that provided notice to Target that the amount in controversy exceeded the sum of $75,000.00, pursuant to 28 U.S.C. Section 1446(b) for each Plaintiff. When determining whether a civil action exceeded the $75,000.00 jurisdictional amount in controversy requirement, the Court must presume each Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")). Additionally, general, special, compensatory, punitive damages and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

  17. Accordingly, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00 for each Plaintiff based on the following:

  a. <u>Plaintiff Klomp</u>. The Prayer in the Complaint specifically

pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Klomp's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "B."

      b.    <u>Plaintiff Walker</u>. The Prayer in the Complaint specifically pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Walker's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "C."

      c.    <u>Plaintiff Flores</u>. The Prayer in the Complaint specifically pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Flores's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "D."

**REMOVAL JURISDICTION**

18.    This Notice of Removal has been filed within 30 days after Target was first served with each Plaintiff's Response Statement on December 31, 2010, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

19.    For all of the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(b) and 1446(b).

20.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) as the state action was filed in this district and it is the judicial district in which this action arose.

21.    Target is informed and believes the Exhibits to the Appendix constitute all process, pleadings and orders filed and received by Target in this

1  action.

2      22.   Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

DATED: January 6, 2011         DORSEY & WHITNEY LLP

By: /s/ Rachel C. Schumacher
Mandana Massoumi
Rachel C. Schumacher
Attorneys for Defendant
TARGET CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On January 6, 2011, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**

SERVED UPON:   **Jay S. Rothman**
**Marina Kats Fraigun**
**Jay S. Rothman & Associates**
**21900 Burbank Boulevard, Suite 210**
**Woodland Hills, CA  91367**
*Attorneys for Plaintiffs*

☐ (BY MAIL)  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE)  I delivered to an authorized courier or driver authorized by Time Machine to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS)  I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 6, 2011, at Irvine, California.

Karen Satterfield

-9-
NOTICE OF REMOVAL

4828-4220-6984?

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV11- 165 GAF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (If a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CYNTHIA KLOMP, an Individual; CYNTHIA WALKER, an Individual; ALEXIS FLORES, an Individual

**DEFENDANTS**
TARGET CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jay S. Rothman (SBN 49739)
Marina Kats Fraigun (SBN 192563)
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367
(818) 986-7870

**Attorneys (If Known)**
Mandana Massoumi (SBN 191359)
Rachel C. Schumacher (SBN 235025)
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA 92618
(949) 932-3600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.) Plaintiffs served a Response to Request for Statement of Damages valuing each Plaintiff's punitive damages at $1,000,000 plus
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT:** $ at least $50,000 in the Complaint.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs' Complaint alleges the following causes of action: (1) sexual harassment; (2) failure to take all reasonable steps to prevent harassment; and (3) intentional infliction of emotional distress.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV11-00165**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2
                                        CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minneapolis |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Rachel C. Schumacher_    Date January 6, 2011
Rachel C. Schumacher, Esq.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |