MANDANA MASSOUMI (SBN 191359)
massoumi.mandana@dorsey.com
RACHEL C. SCHUMACHER (SBN 235025)
schumacher.rachel@dorsey.com
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA 92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA KLOMP, an Individual; CYNTHIA WALKER, an Individual; ALEXIS FLORES, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnetosa Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV11-165 GAF (MANx)<br><br>[Los Angeles Superior Court Case No. BC447639]<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT**<br><br>Action Filed: October 15, 2010<br>Trial Date: NONE SET |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

I, Karen Satterfield, certify and declare as follows:

1. I am over the age of 18 years and not a party to this action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-5310, which is located in the city, county and state where the mailing described below took place.

2. On January 6, 2011, I caused to be filed a copy of the Notice to Adverse Party of Removal of Action in the Superior Court of California, County of

-1-

Los Angeles, located at 111 North Hill Street, Los Angeles, CA, a copy of which is attached to this Certificate of Service as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of January, 2011, Irvine, California.

*Karen Satterfield*

# Exhibit A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 06 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RAUL SANCHEZ

Mandana Massoumi (SBN 191359)
Rachel C. Schumacher (SBN 235025)
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, California 92618
Telephone: (949) 932-3600
Facsimile: (949) 932-3601

Attorneys for Defendant
TARGET CORPORATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CYNTHIA KLOMP, an Individual;<br>CYNTHIA WALKER, an Individual;<br>ALEXIS FLORES, an Individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and DOES 1-50,<br>inclusive,<br><br>　　　　　　　　Defendants. | CASE NO: BC447639<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed: October 15, 2010<br>Trial Date: Not Set |

TO THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA; PLAINTIFFS THERESA KLOMP, CYNTHIA WALKER and ALEXIS FLORES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2011, defendant TARGET CORPORATION, ("Target"), pursuant to 28 U.S.C. Section 1332 and 1441(b), filed a Notice of Removal of this action with the Clerk of the United States District Court for the Central District of California, and, thus, removed this action to the United States District Court for the Central District of California. Accordingly, all further proceedings in this action shall be in said United States District Court.

1     A true and correct copy of said Notice of Removal as filed in said United States District Court
2 is attached hereto as Exhibit 1.

3 DATED: January 6, 2011          DORSEY & WHITNEY LLP

By /s/ Rachel C. Schumacher
Mandana Massoumi
Rachel C. Schumacher
Attorneys for Defendant
TARGET CORPORATION

-2-
NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

# Exhibit 1

MANDANA MASSOUMI (SBN 191359)
massoumi.mandana@dorsey.com
RACHEL C. SCHUMACHER (SBN 235025)
schumacher.rachel@dorsey.com
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA 92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA KLOMP, an Individual; CYNTHIA WALKER, an Individual; ALEXIS FLORES, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. <br><br> [LOS ANGELES SUPERIOR COURT CASE NO. BC447639] <br><br> **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)** <br><br> [U.S.C. § 1441(b)] <br><br> [Filed concurrently with Declaration of Mandana Massoumi; Notice of Interested Parties, Appendix of State Court Pleadings] <br><br> Trial Date: NONE SET |

TO THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION (referred to hereinafter as "Target") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332 (Diversity), and 1441(a), (b) , and (c) and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b). In support thereof, Target asserts:

1. On October 15, 2010, Plaintiffs THERESA KLOMP (improperly

-1-
NOTICE OF REMOVAL

4828-4220-6984?

named as Cynthia Klomp), CYNTHIA WALKER and ALEXIS FLORES (collectively, "Plaintiffs") filed a civil complaint against Target in the Superior Court of the State of California in and for the County of Los Angeles, entitled *"Cynthia Klomp, Cynthia Walker, Alexis Flores, Plaintiff v. Target Corporation and Does 1 through 50, inclusive, Defendants,"* Case No. BC447639.  Plaintiffs assert the following three causes of action against Target: (1) Sexual Harassment; (2) Failure To Take All Reasonable Steps To Prevent Harassment; and (3) Intentional Infliction Of Emotional Distress.  A copy of the Summons, the Civil Complaint ("Complaint"), Civil Coversheet and Notice of Case Assignment – Unlimited Civil Case are attached as Exhibit "A" to the Appendix of State Court Pleadings and Documents ("Appendix"), filed concurrently herewith and incorporated herein by reference.

2. Plaintiffs served Target with the Summons and Complaint on November 24, 2010.  Declaration of Mandana Massoumi ("Massoumi Decl."), ¶3.  Service of process was effectuated on Target's agent, CT Corporation, on November 24, 2010.  *See* Massoumi Decl., Exhibit "A."

3. On December 16, 2010, Target answered the Complaint by filing a separate answer to each of the allegations raised by each Plaintiff.  *See* Appendix, Exhibits "B," "C" and "D."

4. On December 1, 2010, Target propounded a Request for Statement of Damages on each Plaintiff, where such discovery was primarily related to damages suffered by each Plaintiff.  *See* Massoumi Decl., ¶5.  On December 31, 2010, each Plaintiff served Target with a Response to Request for Statement of Damages.  *See* Massoumi Decl., ¶¶5, 6; Exhibits "B," "C" and "D."  Each Response to Request for Statement of Damages was the first notice provided to Target that the alleged amount in controversy exceeded the jurisdictional minimum.

5. On December 27, 2010, Plaintiff served a Notice of Case Management Conference, set for February 9, 2011, and a Notice of Case

-2-
**NOTICE OF REMOVAL**

Reassignment, attaching a Minute Order entered on October 27, 2010 that transferred this action from the Honorable Rolf M. Treu to the Honorable Debre Katz Weintraub. *See* Appendix Exhibits "E," "F" and "G."

### DIVERSITY JURISDICTION

6. Each Plaintiff is, and at all relevant times was, a resident of the State of California within the meaning of 28 U.S.C. Section 1332(a). *See* Appendix Exhibit "A," Complaint, ¶¶6-8. Specifically:

    a. <u>Plaintiff Klomp</u>. In the Complaint, Plaintiff Klomp alleges she "was an individual who resided in the City of Northridge, County of Los Angeles, State of California, and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶6.

    b. <u>Plaintiff Walker</u>. In the Complaint, Plaintiff Walker alleges she "was an individual who resided in the City of Pacoima, County of Los Angeles, State of California, and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶7.

    c. <u>Plaintiff Flores</u>. In the Complaint, Plaintiff Flores alleges she "was an individual who resides in the City of Lynwood and at all relevant times herein was a citizen of the State of California." Appendix, Exhibit "A" at Complaint, ¶8.

7. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by Target pursuant to the provisions of 28 U.S.C. Section 1441.

8. At the time of the filing of the Complaint, Target was and currently is a Minnesota Corporation, incorporated under the laws of the State of Minnesota. Target's principal place of business is Minnesota under the "nerve center test."[1]

---

[1] The "nerve center" test is generally utilized when a corporation's activities are conducted in many states. *See Lurie Co. v. Loew's San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Target widely operates in approximately

-3-

**NOTICE OF REMOVAL**

4828-4220-6984?

*Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (adopting "nerve center" test for establishing principal place of business). Relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal 1964). Additionally, "[i]n an effort to find a single, more uniform interpretation" of "principal place of business," the United States Supreme Court held in *Hertz Corp. v. Friend*, that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." In other words, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp.*, 130 S.Ct. at 1192 (Feb. 23, 2010). "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id*.

9. Target meets the above articulated test. Target's "home office," where almost all its top executives work, is located in Minneapolis, Minnesota. Target also maintains its corporate records and controls business and activities from Minneapolis, Minnesota. Finally, Target files its corporate income tax returns in Minnesota.

10. Moreover, the District Court for the Central District of California has explicitly held that Target was not a California resident and removal to federal court was proper. *See* Massoumi Decl., Exhibits "E" and "F." (diversity jurisdiction existed when Target had 16.7% of its employees, 17.4% of its sales and 14.4% of its stores in California).

---

48 states and Washington D.C., therefore, the nerve center test is more appropriate. *See id.* In any event, given that Target's central functions are concentrated in Minnesota, the "place of operations" for Target is also in Minnesota. *See Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 497 (9th Cir. 2001).

11.    There is diversity of citizenship between each Plaintiff and Target. Target is informed and believes that each Plaintiff is a citizen of the State of California, and which is confirmed by the allegations of such citizenship of each Plaintiff as set forth in the Complaint. Appendix, Exhibit "A," Complaint at ¶¶ 6-8.

12.    Target is not aware of any Doe defendant having been served with a copy of the Summons and Complaint. Accordingly, the citizenship of any "Doe" defendants named in Plaintiffs' Complaint may be disregarded for purposes of removal. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

## AMOUNT IN CONTROVERSY

13.    Plaintiffs' prayer for relief requests the following damages: compensatory damages in an amount in excess of $50,000.00 or according to proof at trial for all three Plaintiffs (Klomp, Walker and Flores); punitive damages; medical and related expenses in an amount according to proof at time of trial; attorneys' fees and costs; prejudgment interest on all amounts claimed; and such other and further relief as the Court deems just and proper. *See* Appendix, Exhibit "A," Complaint at Prayer, p.10.

14.    On or about December 31, 2010, each Plaintiff served a Response to Request for Statement of Damages ("Response Statement"), where the Request for Statement of Damages had been propounded by Target on December 1, 2010. *See* Massoumi Decl.,¶¶5-6; Exhibits "B," "C" and "D."

15.    In the Response Statement, each Plaintiff alleges an amount in controversy in excess of $75,000.00 as follows:

    a.    <u>Plaintiff Klomp</u>. Plaintiff Klomp's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Klomp seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶8;

Exhibit "B."

        b. <u>Plaintiff Walker</u>. Plaintiff Walker's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Walker seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶9; Exhibit "C."

        c. <u>Plaintiff Flores</u>. Plaintiff Flores's Response Statement objects to providing an amount of economic damages on the grounds that her action is not a claim for personal injury or wrongful death, but states Plaintiff Flores seeks $1,000,000.00 in punitive damages against Target. *See* Massoumi Decl., ¶10; Exhibit "D."

16. Each Plaintiff's Response Statement comprised the first "paper" that provided notice to Target that the amount in controversy exceeded the sum of $75,000.00, pursuant to 28 U.S.C. Section 1446(b) for each Plaintiff. When determining whether a civil action exceeded the $75,000.00 jurisdictional amount in controversy requirement, the Court must presume each Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")). Additionally, general, special, compensatory, punitive damages and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

17. Accordingly, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00 for each Plaintiff based on the following:

        a. <u>Plaintiff Klomp</u>. The Prayer in the Complaint specifically

-6-
NOTICE OF REMOVAL

pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Klomp's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "B."

      b.   <u>Plaintiff Walker</u>. The Prayer in the Complaint specifically pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Walker's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "C."

      c.   <u>Plaintiff Flores</u>. The Prayer in the Complaint specifically pleads compensatory damages in an amount in excess of $50,000.00 and Plaintiff Flores's Response Statement seeks $1,000,000.00 in punitive damages alone, where she has refused to provide further specification of the economic damages or attorneys' fees and costs to which she could be entitled under statute. *See* Appendix, Exhibit "A," Complaint at Prayer, p. 10; Massoumi Decl., Exhibit "D."

## **REMOVAL JURISDICTION**

18. This Notice of Removal has been filed within 30 days after Target was first served with each Plaintiff's Response Statement on December 31, 2010, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

19. For all of the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(b) and 1446(b).

20. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) as the state action was filed in this district and it is the judicial district in which this action arose.

21. Target is informed and believes the Exhibits to the Appendix constitute all process, pleadings and orders filed and received by Target in this

1  action.

2      22.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

DATED: January 6, 2011

DORSEY & WHITNEY LLP

By: /s/ Rachel C. Schumacher
Mandana Massoumi
Rachel C. Schumacher
Attorneys for Defendant
TARGET CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On January 6, 2011, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**

SERVED UPON: **Jay S. Rothman**
**Marina Kats Fraigun**
**Jay S. Rothman & Associates**
**21900 Burbank Boulevard, Suite 210**
**Woodland Hills, CA 91367**
*Attorneys for Plaintiffs*

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Time Machine to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 6, 2011, at Irvine, California.

_____
Karen Satterfield

-9-
NOTICE OF REMOVAL

4828-4220-6984?

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On January 6, 2011, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**

SERVED UPON:
Jay S. Rothman
Marina Kats Fraigun
Jay S. Rothman & Associates
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA 91367
*Attorneys for Plaintiffs*

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Time Machine to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2011, at Irvine, California.

Karen Satterfield

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On January 7, 2011, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **CERTIFICATE OF SERVICE OF NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT**

SERVED UPON:
**Jay S. Rothman
Marina Kats Fraigun
Jay S. Rothman & Associates
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA 91367
*Attorneys for Plaintiffs***

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Time Machine to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 7, 2011, at Irvine, California.

_____
Karen Satterfield